IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| RONNIE WALTERS, | ) |
|       Plaintiff, | ) |
| vs. | ) No. 09SL-CC 03177 |
| CITY OF HAZELWOOD, MISSOURI a Municipal Corporation, | ) Division 1 |
| Serve: Mayor Matthew Robinson<br>      415 Elm Grove Lane<br>      Hazelwood, Missouri 63042 | ) |
| -and- | ) |
| CARL R. WOLF, Chief of Police | ) |
| Serve: P.O.E.<br>      415 Elm Grove Lane<br>      Hazelwood, Missouri 63042 | ) |
|       Defendants. | ) |

## PLAINTIFF'S PETITION FOR DAMAGES

Comes now Plaintiff and for his petition against defendants states as follows:

## GENERAL ALLEGATIONS


EXHIBIT A

1

1. At all times mentioned herein plaintiff Ronnie Walters was a citizen and resident of the United States of America and the State of Missouri, County of St. Louis, Missouri.

2. At all times mentioned herein, defendant City of Hazelwood was a municipal corporation within the County of St. Louis and State of Missouri.

3. At all times mentioned herein, defendant Carl Wolf was a peace officer employed by defendant City of Hazelwood, acting within the scope and course of his employment as a City of Hazelwood Police Officer.

4. At all times mentioned herein, defendant Carl Wolf was the duly appointed and acting Chief of Police for the City of Hazelwood.

5. At all times mentioned herein, defendant Carl Wolf was the final decision-maker for defendant City of Hazelwood concerning the property seized by Hazelwood Police Officers.

6. On Sunday February 11, 2007 plaintiff was driving a Dodge Charger in the City of Hazelwood.

7. On February 11, 2007 plaintiff was pulled over by City of Hazelwood Police Officer Joshua Mitchell when Officer Mitchell activated his police vehicle's emergency equipment and initiated a traffic stop of plaintiff.

8. During the traffic stop, Officer Mitchell seized a 9 mm Ruger pistol from the center console of the vehicle.

9. The 9mm Ruger contained ammunition which consisted of 7 9mm Luger bullets.

10. At all times mentioned herein, plaintiff Ronnie Walters was the owner of the 9mm Ruger Pistol.

11. At all times mentioned herein, plaintiff Ronnie Walters was the owner of the ammunition.

12. At all times mentioned herein, the pistol was properly registered to plaintiff.

13. At all times mentioned herein, plaintiff had a permit to carry the pistol in a concealed fashion.

14. Upon information and belief, the City of Hazelwood Police Department, within one month of the seizures, attempted to apply for a warrant for the arrest of plaintiff with the Office of the Prosecuting Attorney for St. Louis County for the charge of unlawful use of a weapon (U.U.W.).

15. The initial application for warrant was refused.

16. Thereafter, plaintiff, by counsel, made written demand for return of the plaintiff's seized property by letter dated April 18, 2007.

17. In response and in retaliation for the demand of the return of the seized property, the City of Hazelwood Police Department made a second application for warrant for the arrest of plaintiff with the Office of the

Prosecuting Attorney for St. Louis County for the charge of unlawful use of a weapon (U.U.W.).

18. At the urging of the City of Hazelwood Police Department, the second application for warrant was successful and plaintiff was arrested and charged with U.U.W.

19. At the conclusion of a preliminary hearing, the circuit court for the County of St. Louis dismissed the U.U.W. charge brought against plaintiff.

20. Thereafter, in June of 2009 plaintiff made a final demand for the return of his firearm and ammunition which demand was refused by defendant Carl Wolf.

21. At all times mentioned herein defendants were acting under color of state law.

## Count I

## Action under 42 U.S.C. § 1983 by Plaintiff for Deprivation of his Right to Bear Arms

Plaintiff for his first Count against defendants City of Hazelwood and Chief of Police Carl Wolf states:

22. He adopts each and every allegation of paragraphs 1- 21 above.

23. Plaintiff has the right to keep and bear arms under the Second Amendment to the United States Constitution.

24. Plaintiff's right to keep and bear arms was unmistakably acknowledged and confirmed by the 2008 United States Supreme Court case of *District of Columbia v. Heller*, 128 S.Ct. 2783 (U.S., 2008).

25. The actions of defendants in continuing to hold and deprive plaintiff of his firearm is in violation of plaintiff's constitutional right to keep and bear arms.

25. As a direct and proximate result of the aforementioned conduct of defendants plaintiff has been damaged.

26. In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as herein described and reasonable attorneys fees and costs.

WHEREFORE, plaintiff prays judgment against defendant City of Hazelwood and Carl Wolf, jointly and severally, under Count I for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## Count II

### Action under 42 U.S.C. § 1983 by Plaintiff for Deprivation of Property without due process of law

Plaintiff for Count II against defendants City of Hazelwood and Carl Wolf states:

27. He adopts each and every allegation of paragraphs 1 through 26 above.

28. Defendant, acting by its Chief of Police Carl Wolf, of refusing to return plaintiff's firearm and ammunition.

29. The initial seizure of the firearm and ammunition was without pre-deprivation hearing.

30. No prompt post-deprivation hearing, in a meaningful time and meaningful manner, has been provided by defendants to plaintiff.

31. The seizure of the firearm and ammunition was an authorized action of City of Hazelwood police officers in general.

32. The seizure and retention of the firearm and ammunition was not random but pursuant to police custom, policy, practice and procedure.

33. Defendants have developed no meaningful post-deprivation hearing or judicial remedy for an owner of a firearm seized.

34. Defendants have kept plaintiff's firearm in a secret location in the custody of unidentified individuals.

35. Plaintiff has made demand for return of his property.

36. After a reasonable time has expired, plaintiff's request have been rejected and denied.

6

37. In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorneys fees and costs.

WHEREFORE, plaintiff prays judgment against defendant City of Hazelwood and Carl Wolf, jointly and severally, under Count I for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

By /s/
GREGORY G. FENLON #35050
7711 Bonhomme, Suite 300
Clayton, Missouri  63105
(314) 862-7999; fax 862-8999
ggfmoatty@aol.com
Attorney for plaintiff



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ROBERT S COHEN | Case Number: 09SL-CC03177 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RONNIE WALTERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GREGORY G FENLON<br>SUITE 300<br>7711 BONHOMME<br>SAINT LOUIS, MO 63105 | |
| Defendant/Respondent:<br>CITY OF HAZELWOOD MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **CITY OF HAZELWOOD MISSOURI**
Alias:
415 ELM GROVE LANE
HAZELWOOD, MO 63042          SERVE: MAYOR MATTHEW ROBINSON

*COURT SEAL OF*
*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

03-AUG-2009                                    _____
Date                                                           Clerk

Further Information:
BCP

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____                    _____
                                        Date                                         Notary Public

**Sheriff's Fees, if applicable**
Summons                       $_____
Non Est                         $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $   10.00
Mileage                         $_____  (____ miles @ $.____ per mile)
Total                             $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.