UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE WALTERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09-CV-1473 (CEJ) ) |
| CITY OF HAZELWOOD, MISSOURI and CARL R. WOLF, Chief of Police, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' cross-motions for summary judgment. The issues are fully briefed.

Plaintiff Ronnie Walters brings this action pursuant to 42 U.S.C. § 1983, asserting that defendants City of Hazelwood, Missouri and Carl Wolf, the chief of police, violated his Second Amendment right to keep and bear arms (Count I) and deprived him of his property without due process of law in violation of the Fourteenth Amendment (Count II). The parties have filed cross motions for summary judgment on the question of whether defendants' retention of a firearm and ammunition that were seized from plaintiff subjects them to liability under § 1983.

### I.  Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and

must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II. Factual Background

The material facts are not in dispute: On February 11, 2007, plaintiff was driving in the City of Hazelwood. Police Officer Joshua Mitchell initiated a traffic stop because plaintiff's vehicle did not have a front license plate, in violation of § 301.130.5, Mo.Rev.Stat. After a computer check revealed an outstanding warrant, Officer Mitchell placed plaintiff under arrest. Officer Mitchell then searched plaintiff's car and seized a loaded 9-millimeter Ruger pistol.

Through an attorney, plaintiff made written demands for return of the firearm on April 18, and May 1, 2007. Defendant Wolf states in an affidavit that the demands were denied because the Hazelwood Police Department had applied for charges against plaintiff for unlawful possession of a concealable firearm. The St. Louis County Prosecutor issued a criminal complaint on May 16, 2007, charging plaintiff with

unlawful possession of a weapon, in violation of § 571.070, Mo. Rev. Stat. Following a preliminary hearing on October 23, 2007, the court dismissed the complaint.

Plaintiff's attorney submitted another demand for return of the gun on June 12, 2009. In a letter dated June 18, 2009, defendant Wolf responded: "It is my understanding that [plaintiff] has an active warrant through the city of Edmundson. Until we are notified that this matter has been cleared up the gun will not be returned. In order for the gun to be returned to [plaintiff] we will require a Writ of Replevin." Defendant Wolf states in his affidavit that it is the policy of the City of Hazelwood not to release firearms to persons "who have an active warrant or wanted pending against them." However, it is undisputed that the defendants would have required plaintiff to obtain a court order even if there was no outstanding warrant or criminal charge pending against him.

III. Discussion

The essential elements of a § 1983 claim are (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff asserts that the defendants have violated his Second Amendment right to keep and bear arms and his Fourteenth Amendment right to due process by refusing to return his firearm and ammunition once they were no longer needed as evidence in a criminal matter against him.

A. Plaintiff's Second Amendment Claim

Plaintiff contends that defendants' refusal to return the handgun and ammunition without a court order impairs his Second Amendment right to bear arms. Defendants argue that plaintiff cannot bring a Second Amendment claim based upon

the seizure and retention of a specific weapon, absent an allegation that his ability to bear arms generally has been impaired.

A similar issue was addressed in Garcha v. City of Beacon, 351 F. Supp. 2d 213 (S.D.N.Y. 2005), in which an arrestee challenged the seizure and ultimate destruction of his pistol. The district court noted that "the 'right to bear arms' is not a right to hold some particular gun. Nothing in plaintiff's pleading . . . suggests that any action taken by defendants would prevent him from acquiring another weapon." Garcha's real claim, the district court determined, was that the defendants violated his Fourteenth Amendment right not to be deprived of his property without due process of law. Id. at 217.

Plaintiff argues in general terms that recent Second Amendment decisions by the United States Supreme Court overrule the reasoning in Garcha. In District of Columbia v. Heller, --- U.S. ---, 128 S. Ct. 2783, 2799 (2008), the Supreme Court held that the Second Amendment guarantees the individual right to keep firearms in the home for the purpose of self-defense and, in McDonald v. City of Chicago, --- U.S. ---, 130 S. Ct. 3020 (2010), the Supreme Court held that the Second Amendment right is applicable to the states by virtue of the Fourteenth Amendment. Citing Reno v. Flores, 507 U.S. 292 (1993), plaintiff argues that, now that the Supreme Court has established that individuals have a fundamental right under the Second Amendment, defendants may infringe that right only upon a showing of a compelling state interest. A "[s]ubstantive due process analysis must begin with a careful description of the asserted right." Flores, 507 U.S. at 302. As the Supreme Court noted in Heller, "the right secured by the Second Amendment is not unlimited" and "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in

sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." Heller, 128 S. Ct. at 2816-17. Heller and McDonald did not establish the right to possess a specific firearm that plaintiff asserts here. See also Bane v. City of Philadelphia, 2009 WL 6614992, at *10 (E.D. Pa. June 18, 2009) (rejecting Second Amendment claim based on failure to return seized firearms where no official was barring plaintiff from employing procedure to obtain return). Defendants will be granted summary judgment with respect to plaintiff's Second Amendment claim.

### B. Plaintiff's Due Process Claim

Plaintiff asserts that defendants have deprived him of his property without due process. He does not challenge the initial seizure at the time of his arrest but contends that defendants were required to return the firearm once it was no longer required as evidence for the criminal case. Defendants counter that it is the stated policy of the City of Hazelwood to require a court order or specific authorization from the chief of police before returning a firearm seized as evidence. They assert that the policy is based on governmental and public interests; specifically, "compelling safety considerations and the protection of the community from the dangers of firearms." In this case, defendant Wolf has refused to authorize release of the firearm and has insisted on receiving a court order.[1] It is undisputed that plaintiff has not sought a court order.

The Due Process Clause of the Fourteenth Amendment provides that, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process claims require a two-step

---

[1]Plaintiff does not challenge the portion of the policy that give defendant Wolf discretion to return the firearm.

analysis. Initially, a plaintiff must demonstrate that the state deprived him of some "life, liberty, or property" interest. If successful, the plaintiff must then establish that the state deprived him of that interest without sufficient "process." Krentz v. Robertson, 228 F.3d 897, 902 (8th Cir. 2000). Due process is a flexible concept, requiring only "such procedural protections as the particular situation demands." Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 702 (8th Cir. 2004) (citing Mathews v. Eldridge, 424 U.S. 319, 334 (1976)). The fundamental requirement of due process "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Id. When a state employee's unauthorized, random acts deprive a person of property, those acts do not violate "the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981). This rule is premised on "the state's action . . . not [being] complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Clark, 375 F.3d at 702 (quoting Hudson, 468 U.S. at 533). However, when an established state procedure or a foreseeable consequence of such a procedure causes the loss, an adequate postdeprivation remedy is of no consequence, and the Court focuses solely on the process afforded by the established procedure. Id. (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)). The parties here are in agreement that defendants' retention of the firearm and ammunition were undertaken pursuant to an established policy rather than an unauthorized or random act.

Resolution of whether the procedure is constitutionally adequate requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews, 424 U.S. at 334-35; Rivera-Powell v. New York City Bd. Of Elections, 470 F.3d 458, 465 (2d Cir. 2006).

In this case, the procedure plaintiff objects to is Hazelwood's requirement that a firearm owner obtain a court order to regain possession of a seized weapon once it is no longer needed for evidentiary purposes in a pending criminal matter. With respect to the first Mathews factor, defendants concede that plaintiff has a protectable property interest in his pistol and ammunition. In considering the second factor, the Court notes that there is no evidence in this record that there is any risk of erroneous deprivation – - - defendants have possession of the weapon and stand ready to return it upon presentation of a court order. Plaintiff does not identify any barrier to his seeking a court order. Finally, plaintiff has not articulated a substitute procedural safeguard[2] that would more adequately protect his property interest than the current requirement that he seek a court order. With respect to the third factor, defendants argue in general terms that their policy serves their significant interest in the safety and lives of Hazelwood residents. More specifically, the policy protects the government interest in ensuring that firearms are returned to their rightful, licensed owners. The Court concludes that the balance of the Mathews factors establishes the constitutional adequacy of defendants' procedure of requiring an owner to obtain a court order to regain possession of a seized firearm.

---

[2]Plaintiff has not addressed the application of Mathews to his claim.

Plaintiff argues that his due process rights have been violated because he has been deprived of his property without a hearing before an impartial tribunal. However, plaintiff has failed to pursue the state remedy that would provide him exactly that: an action in replevin. "In Missouri, a person claiming the right to possession of personal property wrongfully detained by another may bring an action in replevin. . . If the court or jury finds the plaintiff in such an action is entitled to possession of the property, a judgment issues for the return of the property or the value of the property (at the prevailing party's option), and for damages assessed for the taking, detention or injury." Allen v. City of Kinloch 763 F.2d 335, 337 (8th Cir. 1985).

Plaintiff's failure to seek replevin is fatal to his due process claim. In order to prevail on a due process claim, a plaintiff must take advantage of the processes available to him, unless the processes are unavailable or patently inadequate. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000); Rini v. City of Pittsburgh, 2006 WL 2711653, at *6-7 (W.D. Pa. Sept. 21, 2006) (plaintiff's due process claim without merit where plaintiff did not follow procedure for obtaining return of seized firearm). "When a complainant alleges violations of procedural due process and asserts that those violations are cognizable under Section 1983, the existence of state remedies becomes highly relevant." Mora v. City of Gaithersburg, 462 F. Supp. 2d 675, 694 (D. Md. 2006) (quoting Amsden v. Moran, 904 F.2d 748, 755 (1st Cir. 1990)). Due process rights are "not violated by a requirement that a claimant to governmentally seized property file a claim for the property according to a non-onerous, legally prescribed procedure." Monson v. Mulligan, 950 F. Supp. 262, 267 (E.D. Mo. 1996) (entering judgment in favor of defendant city attorney on claim that he violated due process by refusing to return money seized from plaintiff's residence where plaintiff declined to file replevin action); see also Revell v. Port Authority of New York, 598 F.3d

128 (3d Cir. 2010) (rejecting due process claim based on defendants' retention of seized firearm where plaintiff failed to employ existing state remedies); Allen, 763 F.2d at 337 ("We see no reason to suppose Allen could not have obtained adequate relief for the taking of his trucks in a replevin action."). A plaintiff cannot plausibly claim that the state's procedures are unfair when he has not tried to avail himself of them. Mora v. City of Gaithersburg, 519 F.3d 216, 230 (4th Cir. 2008) (rejecting procedural due process claim based on police department's refusal to return seized firearms where plaintiff failed to seek remedy in state court).

Plaintiff argues that he has established a violation of due process under Lathon v. City of St. Louis, 242 F.3d 841 (8th Cir. 2001), in which the Eighth Circuit determined that an action for replevin was not an adequate remedy for the police department's refusal to return the plaintiff's firearms. However, Lathon is factually distinguishable from the present case. Eighteen firearms were seized from Lathon; five of the firearms were then given to sheriff's offices in three different counties. The Eighth Circuit stated that replevin was not an adequate postdeprivation remedy because the seized forearms were in the possession of multiple sheriff's departments, requiring Lathon to file four different replevin actions in order to secure the return of his seized weapons. See also Jones v. City of St. Louis, 285 F. Supp. 2d 1212, 1217 n.5 (E.D. Mo. 2003) (noting that replevin discussion in Lathon is dicta). Plaintiff's reliance on Krimstock v. Kelly, 306 F.3d 40 (2d Cir. 2002) is similarly misplaced. At issue in Krimstock was a provision of the New York City Code that permitted the City to keep seized vehicles for extended periods of time during the pendency of civil forfeiture procedures. There is no evidence that plaintiff here would suffer the same burden or delay as in Lathon or Krimstock by seeking a writ of replevin to recover his property.

* * * * *

For the reasons discussed above, the Court concludes that plaintiff has failed to establish that defendants violated his protected constitutional rights. As such, the Court will not address the parties' arguments regarding immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. #26] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment [Doc. #19] is **denied**.

A separate judgment in accordance with this Memorandum and Order will be entered.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 22nd day of October, 2010.