UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE WALTERS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:09-CV-1473 (CEJ) |
| CITY OF HAZELWOOD, MISSOURI and CARL WOLF, | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to reconsider his motion for summary judgment, following remand by the Eighth Circuit Court of Appeals. Defendants oppose the motion and the issues are fully briefed.

Plaintiff Ronnie Walters brings this action pursuant to 42 U.S.C. § 1983, asserting that defendants City of Hazelwood, Missouri, and Carl Wolf, the chief of police, violated his Second Amendment right to keep and bear arms (Count I) and deprived him of his property without due process of law, in violation of the Fourteenth Amendment (Count II). Previously, the Court denied plaintiff's motion for partial summary judgment and granted defendants' joint motion for summary judgment on both counts. The Eighth Circuit Court of Appeals affirmed summary judgment on plaintiff's Second Amendment claim but reversed and remanded for further proceedings on his Fourteenth Amendment procedural due-process claim. Walters v. Wolf, 660 F.3d 307 (8th Cir. 2011).

I.  Background

On February 11, 2007, a Hazelwood police officer stopped plaintiff while driving a vehicle without a front license plate, in violation of state law. A records check

Case: 4:09-cv-01473-CEJ   Doc. #:  53   Filed: 08/29/12   Page: 2 of 4 PageID #: 360

revealed an outstanding warrant for plaintiff's arrest in St. Louis County.  The officer arrested plaintiff and asked him if he had any weapons in the car.  Plaintiff reported that he had a pistol in the car's center console.  The officer seized the weapon and ammunition from plaintiff.  Plaintiff was advised that he was also under arrest for unlawful use of a weapon because he was a fugitive from St. Louis County.  It is undisputed that Walters had validly purchased the handgun, the handgun was properly registered, and plaintiff held a valid permit to conceal and carry the handgun.

Plaintiff made written demands for the return of his handgun and ammunition on April 18th and May 1, 2007.  On May 16, 2007, the St. Louis County Circuit Court issued a complaint against plaintiff for the class C felony of unlawful possession of a concealable firearm.  The court dismissed the complaint on October 23, 2007, after finding no probable cause to believe that plaintiff had committed the offense.

Plaintiff made his third written demand for return of the firearm on June 12, 2009.  Defendant Wolf responded on June 18, 2009, stating:  "It is my understanding that [plaintiff] has an active warrant through the City of Edmundson.  Until we are notified that this matter has been cleared up the gun will not be returned.  In order for the gun to be returned to [plaintiff] we will require a Writ of Replevin."  Plaintiff filed this action in the Circuit Court for St. Louis County on July 22, 2009; defendants removed the action to this Court on September 17, 2009.

II.   Discussion

Plaintiff moves for reconsideration, arguing that the Eighth Circuit decision establishes that he is entitled to summary judgment on the issue of liability. Defendants oppose the motion, asserting first that the Federal Rules of Civil Procedure do not provide for a motion to reconsider.  Under the facts of this case, plaintiff's

request is procedurally and logically sound.  Defendants argue that they are entitled to have a jury consider whether they are justified in requiring gun owners to obtain a replevin order.  That argument is foreclosed by the Eighth Circuit's decision in this case.

In granting summary judgment to the defendants, this Court found that plaintiff had an adequate postdeprivation remedy in an action for replevin.  The Eighth Circuit disagreed and held that, while the initial seizure of plaintiff's property at arrest was valid, that "valid seizure ended with the dismissal of the predicate charges in St. Louis County and the fugitive warrant in Edmundson County."[1]  660 F.3d at 314.  An actionable constitutional violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."  Id. at 315 (quoting Zinermon v. Burch, 494 U.S. 113, 126 (1990)).  In this case,

> the pivotal deprivation is the City's and Chief Wolf's continued refusal to return Walters's handgun and ammunition after the St. Louis [County] Circuit Court dismissed the unlawful-use-of-a-weapon charge on October 23, 2007, or sometime thereafter when authorities deactivated the Edmundson County warrant for Walters's arrest.  The constitutionally impermissible deprivation commenced on one of those two dates and . . . relegation to a post-hoc state tort action to address the deprivation is inherently insufficient.

Id. (citation omitted).

Thus, there are unresolved legal and factual issues that preclude summary judgment.  Specifically, there remains the question of whether the defendants, after the St. Louis County charge was dismissed on October 23, 2007, were justified in retaining plaintiff's

---

[1]It is not clear from the record when the Edmundson warrant was dismissed, but it appears to have been active on the date plaintiff filed suit. See Plaintiff's Statement of Material Facts ¶ 25 and fn. vii [Doc. #21] (citing defendant Wolf's answers to interrogatories); Hazelwood's responses to requests for admission ¶ 30 [Doc. #24-2] ("upon information and belief, the warrant was active until October 2009 when plaintiff appeared and pleaded guilty to the charges").

property pending resolution of the Edmundson warrant in October 2009.  Also, there is a question of whether the defendants were justified in retaining the property after the Edmundson warrant was resolved.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider [Doc. #49] is **denied**.

**IT IS FURTHER ORDERED** that, not later than **September 20, 2012**, the parties shall submit a joint proposed scheduling plan to address the remaining issues.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2012.