## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, and whether or not you have written copies.

## INSTRUCTION NO. 2

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

## INSTRUCTION NO. 3

The word "evidence" means the testimony of witnesses; documents and other things received as exhibits; and facts that the parties have agreed are true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that were not received as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustained a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Anything you saw or heard about this case outside the courtroom is not evidence, and you must not consider it.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I said or did during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

## INSTRUCTION NO. 5

Under the law, the refusal by defendant Carl Wolf and defendant City of Hazelwood, Missouri to return the plaintiff's gun and ammunition without a court order violated plaintiff's right to due process of law. Therefore, you must award plaintiff an amount of money that will fairly compensate him for any actual damages you find he sustained as a direct result of the violation of his constitutional rights.

Actual damages may include any mental suffering the plaintiff experienced.

## INSTRUCTION NO. 6

If you find that plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

## INSTRUCTION NO. 7

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict. Your verdict must be unanimous.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Fifth*, your discussions about the case are to take place only in the jury room and only when all members of the jury are present. If a member of the jury leaves the discussion, you must not continue until that member returns.

*Sixth*, the use of electronic or communications devices during jury deliberations is strictly prohibited. You may not send or receive any electronic communications until you are discharged from this case. If you have a cell phone, BlackBerry, iPad, or any other electronic or communications device in your possession, you must turn it off until the deliberations have ended. If you need to contact someone during deliberations, please give the person's name and telephone number and a brief message to the court security officer and the call will be placed for you.

*Finally*, a verdict form has been prepared for you. The verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.