UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RONNIE WALTERS,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:09-CV-1473 (CEJ) ) |
| **CITY OF HAZELWOOD, MISSOURI, et al.,** | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO [#90] DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES**

In our federal and state court system, federal civil rights plaintiffs and civil rights proponents are seldom victorious. Although the actual numbers are askew, most scholars believe that less than two percent (2%) of cases that are filed result in a favorable jury verdict for the plaintiff. Attorneys who take on such cases know the long odds and the uphill battle. For most, prosecuting civil rights cases is anything but a profitable business. It is more of a challenge and a labor of love.

Then, when victorious, plaintiff's civil rights attorneys face a personal attack on the integrity of their record-keeping. Decisions on how and what issues to pursue are the subject of second guessing from an adverse opponent. More often than not the attack comes from law firm associates who lack the first hand-

knowledge of the process.   This makes the representation of plaintiff even more unappealing.

The instant case represents a six year battle by the plaintiff to get his property back.   It wasn't until the Eighth Circuit told the defendants that they had no right to keep plaintiff's property before defendants even thought of doing so.  Then they waited a year to get around to it, giving plaintiff his property back at an inappropriate time.  For this, defendants should not be entitled to a discount.

## I. As Prevailing Party, Plaintiff Is Entitled To Attorney's Fees.

The prevailing party in a section 1983 case is entitled to reasonable attorney's fees as part of its taxable costs pursuant to section 1988 of the Civil Rights Attorney's Fees Act of 1976. See **Warnock v. Archer**, 380 F.3d 1076 (8th Cir. 2004); 42 U.S.C. §1988(b). Defendants statement that "Plaintiff is not the prevailing party" is frivolous.  [Defendants Memo #90, p.2]  A plaintiff is the prevailing party when he achieves some relief on the merits of his claim and "obtain[s] an enforceable judgment against the defendant from whom fees are sought." **Farrar v. Hobby,** 506 U.S. 103, 111 (1992); see also **Tex. State Teacher's Ass'n v. Garland Indep. Sch. Dist**., 489 U.S. 782, 789 (1989) (prevailing party is one that "succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit") (internal citation omitted).

It is indisputable that the Plaintiff is the prevailing party in this litigation for the purposes of section 1988 attorney's fees. On April 2, 2013 this Court entered judgment in favor of Plaintiff Ronnie Walters on his claim for deprivation of property without due process of law, an enforceable judgment from which Plaintiff received relief in the form of compensatory damages for the injuries he received. Accordingly, this Court should grant Plaintiff's fee petition and award Plaintiff his counsel lodestar for the services provided.

## II. Plaintiff's Counsel Is Entitled To Recover His Lodestar.

A reasonable fee for the purposes of the federal civil rights statutes is "a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." **Perdue v. Kenny A**., 559 U.S. 542 ---, 130 S.Ct. 1662, 1672-73 (2010) (internal quotations and citation omitted). Indeed, "Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced." **Perdue**, 130 S.Ct. at 1671. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." **Fish v. St. Cloud State University,** 295 F.3d 849, 851 (8th Cir.2002). When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. See **Warnock v. Archer**, 397 F.3d 1024, 1027 (8th Cir.2004).

The market rate is the rate that lawyers of comparable skill, experience, and

reputation receive for similar work. See ***Blum v. Stenson***, 465 U.S. 886, 896 (1984). The prevailing rate is generally the fee that the requesting attorney charges a paying client for comparable work. See ***City of Burlington v. Dague,*** 505 U.S. 557, 562 (1992).

    As the Second Circuit recently cautioned:

> Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery.

***Millea v. Metro-North RR Co.***, 658 F.3d 154, 169 (2nd Cir. 2011)

"The function of an award of attorney's fees is to encourage the bringing of meritorious ... claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel". ***City of Riverside v. Rivera***, 477 U.S. 561, 578 (1986).

    Recently in the case of ***Holland v. City of Gerald, Mo.,*** Slip Copy, 2013 WL 1688300 (E.D.Mo.,2013) [No. 4:08CV707 HEA] determined that attorneys Robert Herman and Roger Goldman were entitled to attorney fees at the rate of $450.00 per hour for civil rights litigation. Plaintiff's counsel should be entitled to the same rate and the court has discretion to enter such an award. ***Keslar v. Bartu***, 201 F.3d 1016, 1017 (8th Cir.2000).

Plaintiff's counsel elects not to respond directly to the nitpicking contained in defendant's response to plaintiff's application for attorney's fees.   Plaintiff's counsel cannot possibly remember every entry or every event and relies on the time sheet.  The entries, which can always be subjected to attack, are the best evidence.

Finally, Plaintiff's counsel would also advise the Court that plaintiff has expended additional time since the filing of the initial motion for attorney's fees and costs.  Plaintiff's counsel has spent 5.7 hours responding to defendants' post-trial motions and an additional 1.8 hours composing this response.   These additional entries total 7.5 additional hours.

                      Respectfully Submitted,

                      By_____/s/ Gregory G. Fenlon_____
                      GREGORY G. FENLON #35050 MO
                      231 S. Bemiston, Suite 910
                      Clayton, Missouri   63105
                       (314) 863-4100;  fax  863-4340
                      ggfmoatty@aol.com
                      Attorney for plaintiff

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of this Court this 14th day of May, 2013, to be served by operation of the Court's electronic filing system upon Peter Dunne, attorney for defendant.

                      By_____/s/ Gregory G. Fenlon_____
                      GREGORY G. FENLON #35050 MO

Defendants complain of .6 hours to re-schedule depositions suggesting there is only an email and response.   Defendants attack is short sided though as plaintiff's attorney was required to coordinate the deposition dates with plaintiff, who wanted to be present and was present for the taking of depositions.  So the process of coordinating the deposition consisted of (1) receiving a date request from defendant; (2) consulting plaintiff's attorney calendar; (3) contacting plaintiff to determine if plaintiff was available; and

The statute involved here, 42 U.S.C. § 1988, allows the award of "a reasonable attorney's fee" to "the prevailing party" in various kinds of civil rights cases,

including suits brought under § 1983. Most of our decisions addressing this provision have concerned the grant of fees to prevailing plaintiffs. When a plaintiff succeeds in remedying a civil rights violation, we have stated, he serves "as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority." Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam). He therefore "should ordinarily recover an attorney's fee" from the defendant—the party whose misconduct created the need for legal action.

Fox v. Vice, 131 S.Ct. 2205,2213 (2011)

Defendants had the option and opportunity to return plaintiff's gun and ammunition in February of 2007 when Mr. Walters visited the police station and asked for its return. Defendants had the opportunity to return plaintiff's property in April of 2007 when they received a letter from plaintiff's counsel. Defendants had the opportunity to return plaintiff's property in May of 2007 when they received a second letter from plaintiff's attorney. These opportunities were ignored by defendants.