UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE WALTERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:09-CV-1473 (CEJ) |
| CITY OF HAZELWOOD, MISSOURI and CARL WOLF, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On April 2, 2013, a jury awarded plaintiff Ronnie Walters $25,000 on his claim that defendants City of Hazelwood, Missouri, and Carl Wolf deprived him of his property – a Ruger pistol and ammunition – without due process of law, in violation of the Fourteenth Amendment. At the close of evidence, the Court granted judgment as a matter of law to plaintiff on the issue of liability and submitted the damages determination to the jury. Defendants now move for judgment as a matter of law, for new trial, and to amend judgment.

### I.   Background

On February 11, 2007, a Hazelwood police officer arrested plaintiff on an outstanding warrant and seized a pistol and ammunition from him. Defendant Wolf, then Hazelwood's chief of police, refused to return the property without a writ of replevin. Plaintiff filed suit pursuant to 42 U.S.C. § 1983, asserting as relevant here that defendants deprived him of his property without due process of law, in violation of the Fourteenth Amendment. The Court granted defendants' motion for summary judgment on this claim, finding that due process was satisfied because plaintiff had a postdeprivation remedy in the form of a replevin action.

The Eighth Circuit Court of Appeals reversed. Walters v. Wolf, 660 F.3d 307 (8th Cir. 2011). The appellate court reasoned, "when an established state procedure deprives one of property, postdeprivation remedies generally fail to satisfy [due process requirements] . . . [T]his maxim *especially* holds true when the proffered postdeprivation remedy is a subsequent tort suit." Id. at 313 (emphasis in original) (citing Parratt v. Taylor, 451 U.S. 527 (1981), Mathews v. Eldridge, 424 U.S. 319 (1976), Zinermon v. Burch, 494 U.S. 113 (1990), and Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)). "[T]he availability of state law postdeprivation remedies bears relevance *only* where the challenged acts of state officials can be characterized as random and unauthorized." Id. at 314 (emphasis in original) (quoting Coleman v. Watt, 40 F.3d 255, 257 (8th Cir. 1994)). The court of appeals held that the initial deprivation at plaintiff's arrest was valid. However, the court found that a second deprivation occurred after the dismissal of a charge in St. Louis County and dismissal of an outstanding warrant in the municipality of Edmundson, Missouri. Id. Defendants' continued refusal to return the firearm and ammunition amounted to an unconstitutional deprivation and relegation to a state tort action was insufficient. Id. at 315. The case was remanded to this Court for further proceedings.

II.  **Legal Standards**

Following a jury trial resulting in an adverse judgment, a party may move for a new trial under Fed.R.Civ.P. 59(a)(1)(A). Under this Rule, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new

trial must demonstrate that there was prejudicial error.  <u>Buchholz v. Rockwell International Corp.</u>, 120 F.3d 146, 148 (8th Cir. 1997).  Errors in evidentiary rulings or in jury instructions are only prejudicial, and therefore only represent a miscarriage of justice that requires a new trial, where the error likely affected the jury's verdict.  <u>Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.</u>, 418 F.3d 820, 833 (8th Cir. 2005) (evidentiary rulings); <u>Sherman v. Winco Fireworks, Inc.</u>, 532 F.3d 709, 720 (8th Cir. 2008) (jury instructions).

A motion for judgment as a matter of law should be granted only if the jury's verdict is utterly lacking in evidentiary support.  <u>In re Prempro Products Liability Litigation</u>, 586 F.3d 547, 571 (8th Cir. 2009).  When deciding a Rule 50 motion, the court must construe the evidence most favorably to the prevailing party and draw all inferences in its favor, denying the motion "if reasonable persons could differ as to the conclusions to be drawn from the evidence."  <u>Western American, Inc. v. Aetna Casualty and Surety Co.</u>, 915 F.2d 1181, 1183 (8th Cir. 1990).  The court may not make credibility determinations or weigh the evidence.  <u>In re Prempro</u>, 586 F.3d at 572.

Motions to amend judgment pursuant to Fed.R.Civ.P. 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills</u>, 141 F.3d 1284, 1286 (8th Cir. 1998).  A motion to amend a judgment under Rule 59(e) can be granted for one of three purposes: (1) to incorporate an intervening change of law; (2) to present new evidence previously unavailable; or (3) to correct clear error or prevent manifest injustice.  <u>Hagerman v. Yukon Energy Corp.</u>, 839 F.2d 407, 413 (8th Cir. 1988) (citation omitted).

**III.   <u>Discussion</u>**

Defendants argue that they are entitled to judgment as a matter of law on the basis of qualified immunity because plaintiff's due process rights were not clearly established at the time defendant Wolf refused to return plaintiff's pistol. This argument is refuted by the extensive precedent cited by the Court of Appeals. See Walters, 660 F.3d at 313-14 (citing Parratt v. Taylor, 451 U.S. 527 (1981), Mathews v. Eldridge, 424 U.S. 319 (1976), Zinermon v. Burch, 494 U.S. 113 (1990), Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), Coleman v. Watt, 40 F.3d 255 (8th Cir. 1994)). In deciding this case, the Eighth Circuit found that its decision in Lathon v. City of St. Louis, 242 F.3d 841 (8th Cir. 2001)), was "on point and controlling." Thus, the law was clearly established at the time of the deprivation in this case.

Defendants also argue that the Court erred by granting plaintiff's motion for judgment as a matter of law because he failed to establish that the unlawful deprivation caused damages. However, once it was determined that plaintiff was subjected to an impermissible deprivation without due process, he was entitled to damages -- either actual or nominal, as the jury in this case was instructed. See Carey v. Piphus, 435 U.S. 247, 266 (1978) ("Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury.") (citations omitted). Plaintiff testified that he was distressed by defendants' refusal to return his property. "Compensatory damages are recoverable in § 1983 actions for injuries including personal humiliation, and mental anguish and suffering." Rogers v. City of Little Rock, Ark., 152 F.3d 790, 798 (8th Cir. 1998) (internal quotation and

citation omitted).  Plaintiff's testimony provided a sufficient basis from which the jury could conclude that he sustained actual damages.

Defendants also argue that the Court erroneously precluded them from introducing evidence that, subsequent to the deprivation, plaintiff was charged in connection with a federal drug conspiracy,[1] a circumstance which might have accounted for his distress during the time defendants refused to return his property.  The Court discussed on the record its reasons for excluding the evidence and will not repeat those reasons here.  Additionally, plaintiff testified that there could have been causes for his distress other than the defendants' refusal to return his property.  The defendants were not prejudiced by the ruling on the motion in limine.

Defendants argue that the jury improperly included attorneys' fees in its calculation of damages.  During deliberations, the jury sent a note asking whether plaintiff had to pay attorneys' fees from the amount awarded.  The Court's note in response stated: "I am unable to answer your question.  Please follow the instructions on the law that were given to you."  [Doc. #80].  Instruction 5 told the jury to award plaintiff "an amount of money that will fairly compensate him for any actual damages you find he sustained as a direct result of the violation of his constitutional rights.  Actual damages may include any mental suffering the plaintiff experienced." [Doc. #78].  This instruction, which the jury is presumed to have followed, conforms with the evidence and the Eighth Circuit Model Instruction on actual damages.  Defendants' contention that the jury improperly factored in attorneys' fees in determining damages is speculative.

Accordingly,

---

[1] The charges were dismissed.

-6-

**IT IS HEREBY ORDERED** that defendants' renewed motion for judgment as a matter of law, for new trial, or to amend judgment [Doc. #86] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2013.