UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONNIE WALTERS,                          )
                                         )
                Plaintiff,               )
                                         )
        vs.                              )        Case No. 4:09-CV-1473 (CEJ)
                                         )
CITY OF HAZELWOOD, MISSOURI and          )
CARL WOLF,                               )
                                         )
                Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for attorneys' fees, pursuant to 42 U.S.C. § 1988, and costs, pursuant to 28 U.S.C. § 1920. Defendants Carl Wolf and the City of Hazelwood have filed a response in opposition and the issues are fully briefed.

## I.    Background

Plaintiff Ronnie Walters brought this action pursuant to 42 U.S.C. § 1983, asserting that defendants violated his Second Amendment right to keep and bear arms and deprived him of his property without due process of law, in violation of the Fourteenth Amendment. The Court granted defendants' motion for summary judgment on both claims. The Eighth Circuit Court of Appeals affirmed summary judgment with respect to the Second Amendment claim but reversed and remanded the Fourteenth Amendment due process claim. Walters v. Wolf, 660 F.3d 307 (8th Cir. 2011). On April 2, 2013, a jury awarded plaintiff damages in the amount of $25,000 on this claim.

Plaintiff now seeks an award of attorneys' fees in the amount of $99,540.00 and taxable costs in the amount of $1,168.16. Defendants oppose the fee request on a number of bases, as discussed below.

## II.   Discussion

Section 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs."  The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

### A.   Prevailing Party and Degree of Success

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Id. at 433 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)).  A plaintiff "prevails . . . when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Lefemine v. Wideman, 133 S. Ct. 9, 11 (2012) (quoting Farrar v. Hobby, 506 U.S. 103, 111–12 (1992)).  In this case, plaintiff obtained a judgment on his due process claim and an award of monetary damages.  Plaintiff is a prevailing party and thus is entitled to attorneys' fees.

Plaintiff litigated two claims in this action but prevailed on only one.  Defendants argue that any award of fees must be reduced to account for this limited success. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney fees under 42 U.S.C. § 1988."  Hensley, 461 U.S. at 440.  "Once a party is found to have prevailed, '[a] fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit.'"  Casey v. City of Cabool, Mo., 12 F.3d 799, 806 (8th Cir. 1993) (quoting Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991)).  "When a plaintiff has prevailed on some

claims but not on others, the plaintiff may be compensated for time spent on unsuccessful claims that were related to his successful claims, but not for time spent on unsuccessful claims that were distinct in all respects from his successful claims." Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001) (internal quotation and citation omitted). Claims are related, and hence deserving of compensation, if they "involve a common core of facts" or are "based on related legal theories." Id. The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole. Jenkins by Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997). If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win. Id.

Plaintiff's two claims arose from a common core of facts -- the seizure and improper retention of his firearm and ammunition. He also obtained what may be fairly characterized as excellent results: the return of his seized property, a partially favorable ruling on appeal, and $25,000 in damages. The Court finds that it is not appropriate to reduce an award of attorney's fees based on partial success.

### B. Reasonable Attorneys' Fees

Because Section 1988 does not define the term "reasonable attorney's fee," courts have adopted the "lodestar approach" -- the "guiding light of ... fee-shifting jurisprudence" -- in making that determination. Ladd v. Pickering, 783 F. Supp. 2d 1079, 1090 (E.D. Mo. 2011) (quoting Perdue v. Kenny A. ex rel Winn, 559 U.S. 542, 130 S. Ct. 1662, 1672 (2010)). This well-established standard for assessing attorneys' fees determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433–34. The district

court may, in its discretion, exclude hours not reasonably spent on the matter from the lodestar calculation.  Keslar v. Bartu, 201 F.3d 1016, 1018 (8th Cir. 2000).  The lodestar approach provides an "initial estimate" of the appropriate amount to award that is strongly presumed to represent a reasonable fee.  Perdue, 130 S. Ct. at 1673.

### 1.    Reasonable Hourly Rates

Plaintiff was represented by Gregory G. Fenlon.  In an affidavit submitted in support of the fee request, Mr. Fenlon states that he has been licensed to practice in Missouri since 1985 and in Illinois since 1986.  He has been lead attorney in 100 to 200 jury trials and in over 100 appeals.  Plaintiff seeks to recover fees based on a rate of $300 per hour for Mr. Fenlon.  Two other St. Louis-area attorneys have submitted affidavits attesting that this hourly rate is "usual, customary and reasonable" for an attorney of Mr. Fenlon's experience and qualifications. See Affidavits of David B. Lacks and Burton Newman.  Defendants contend that $300 per hour is excessive.

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated." Moysis v. DTG Datanet, 278 F.3d 819, 828-29 (8th Cir. 2002).  When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates.  Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).

In support of his requested rate, plaintiff notes that the Court recently approved an hourly rate of $300 for attorney Anthony Rothert in Snider v. Peters, 1:10-CV-100 (CEJ) Memorandum and Order (E.D. Mo. Feb. 28, 2013) [Doc. #152].  Mr. Rothert's fee request was supported by a detailed affidavit and documentation regarding prevailing rates in the St. Louis area.  In addition, Mr. Rothert is the legal director of

-4-

the American Civil Liberties Union of Eastern Missouri and practices exclusively in the area of civil rights law. A search of Westlaw and this district's CM/ECF system establishes that Mr. Rothert has appeared in at least 75 civil rights actions since 2005. Mr. Fenlon maintains a more varied practice and has appeared in approximately 20 civil rights actions since 2000. Because Mr. Fenlon's experience in civil rights litigation does not equal that of Mr. Rothert, it is not appropriate to base an award on a comparable hourly rate. See Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991) ("[T]he special skill and experience of counsel should be reflected in the reasonableness of the hourly rates.") (internal quotations and citations omitted).

Based on its experience and knowledge, the Court concludes that the appropriate hourly rate is $250. This rate is supported by other civil rights actions within the district. See, e.g., Gohn v. Hill, 4:09-CV-769 (JCH), Memorandum and Order (E.D. Mo. Apr. 29, 2011) [Doc. #78] (approving $275 hourly rate); Ladd v. Pickering, 783 F. Supp. 2d 1079 (E.D. Mo. 2011) (approving hourly rates of $250 and $200); Day v. Robinwood West Community Imp. Dist., 4:08-CV-1888 (ERW), Memorandum and Order (E.D. Mo. Sept. 20, 2010) [Doc. #74] approving hourly rates of $225 and $100).

## 2. Reasonable Hours Expended

Mr. Fenlon has submitted detailed billing records for his activities in connection with this case in the total amount of 339.3 hours.[1] Defendants raise meritorious objections to several of the claimed hours.

---

[1]At the time he filed the motion for attorney fees, plaintiff's counsel had expended 331.8 hours as reflected in the billing records. He subsequently spent an additional 7.5 hours in opposing defendants' post-trial motion and an additional 1.8 hours preparing a reply in support of the motion for fees.

The parties dispute when plaintiff's entitlement to attorney's fees began. Although plaintiff filed this action in state court on July 22, 2009, he requests fees starting with his arrest in February 2007. However, he did not challenge the legitimacy of his arrest in this action and it is established that the initial seizure of the firearm and ammunition was valid. See Walters, 660 F.3d at 314 ("The initial deprivation – the seizure of Walter's handgun and ammunition incident to arrest – was a valid deprivation."). Thus, he cannot recover attorney fees for matters related to the arrest.

Defendants argue that plaintiff is not entitled to attorney fees for any hours expended before the unconstitutional deprivation occurred. According to the Eighth Circuit, that deprivation occurred either on October 23, 2007, when the Hazelwood charges were dismissed, or on September 23, 2009, when the outstanding warrant in Edmundson, Missouri, was vacated. Id. at 315. Defendants assert that plaintiff is not entitled to any fees incurred before the latter date. While the argument has some appeal, testimony at trial established that it was defendants' policy to require a writ of replevin before returning firearms. Thus, the status of the Edmundson warrant was ultimately irrelevant to the decision to retain plaintiff's property. Defendants' insistence on a writ of replevin guaranteed that a lawsuit would be filed and the Court concludes that plaintiff is entitled to fees starting on July 21, 2009, when counsel began drafting the state court petition. The Court will subtract from the total the 16.2 hours billed before that date.

Next, the Court must remove from the proposed fee award all "hours that are excessive, redundant, or otherwise unnecessary." El-Tabech v. Clarke, 616 F.3d 834, 842 (8th Cir. 2010) (quoting Hensley, 461 U.S. at 434). The Court will disallow time spent on clerical or other administrative tasks (*e.g.,* filing documents, preparing

-6-

certificates of service), and time spent reviewing nonsubstantive docket entries (*e.g.*, opposing counsel's entry of appearance or withdrawal), for a reduction of 29.5 hours.[2] The billing record reflects 9.6 hours spent reviewing scheduling orders (e.g., 1.4 hours reviewing the Case Management Order). While some of that time could be allowable, the hours expended here are excessive and the Court will strike the entire category in lieu of a line-by-line reformation of the entries. Entries with vague or inadequate description (e.g., "plaintiff's confidential memorandum") have been excluded, for a reduction of 6.6 hours. The Court has also excluded 1.3 hours spent on dealing with the Edmundson warrant as work unrelated to this case, and 5.8 hours spent correcting counsel errors.

The Court agrees with defendants that the time expended for some tasks is excessive. For example, a total of 34.7 hours was spent on discovery which, in this case, appears to have consisted of two depositions and two sets of written discovery propounded by plaintiff and one set propounded by defendants. Similarly, plaintiff seeks more than 50 hours for appellate briefing. Again, instead of a line-by-line adjustment, the Court will apply a 20% percentage reduction to adjust for the excessive billing for allowable expenses. Applying the reductions described above, the

---

[2]The Court makes particular note of the numerous entries for "electronic e-mail message from U.S. Dist. ct." Many of these entries appear to refer to plaintiff's receipt of the "Notice of Electronic Filing" generated by the court's CM/ECF system when a document is filed. These notices serve the function of certificates of service and do not warrant attorney's fees at all, let alone at the rates plaintiff has claimed here (*e.g.*, 10 entries on April 2, 2013, totaling 3.6 hours, for Notices of Electronic Filing created when the court clerk entered jury instructions, trial exhibits, the verdict and similar items into the record). In other instances, the entry "electronic e-mail message from U.S. Dist. ct." cannot be tied to any activity in the docket record and there is no other identifying information in the billing entry.

total compensable time is 216.2 hours, at the hourly rate of $250, for a total award of $54,060.00 for attorney's fees.

Plaintiff also seeks taxable costs in the amount of $1,168.16 for filing fees and depositions. See 28 U.S.C. § 1920. Defendants do not oppose these costs and they will be allowed.

\* \* \*

Based on the foregoing, the Court finds that plaintiff is a prevailing party entitled to recover attorney's fees for 216.2 hours at the rate of $250 per hour for a total of $54,060.00. Plaintiff is also entitled to costs in the amount of $1,168.16.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for award of attorney's fees and taxable costs [Doc. #83] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiff is awarded attorney's fees in the amount of $54,060.00 and costs in the amount of $1,168.16.

**IT IS FURTHER ORDERED** that defendants are jointly and severally liable for the award of fees and costs.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2013.

-8-